determined in favor of the plaintiff upon a conflict of evidence, there is nothing to do but to affirm the judgment, in the absence of legal error.

We think there is no reversible error in the court permitting the plaintiff to testify that he is a licensed master plumber. This answer was given in response to the question, "What is your business?" There was no objection to the question. After the answer was given, counsel objected to the answer and the question as not the best evidence. This was overruled, and defendant excepted. We fail to discover any error in this ruling. It can hardly be improper for a man to testify that he is transacting a lawful business—that he is following a lawful occupation in the manner pointed out and required by the statute law of the state. This would be the presumption until the contrary appears.

The judgment appealed from should be affirmed, with costs. All concur.

---

GOTTHEIM v. NASSAU ELECTRIC R. CO.

(Supreme Court, Appellate Term. June 30, 1908.)

DAMAGES—PERSONAL INJURIES—PROFITS—EVIDENCE.

Plaintiff in an action for injuries testified that he was an employing tailor, having a stock of cloth and materials; that he paid rent for his store and gave his personal attention to the business, cutting, trying on, taking orders, and giving out work; that his average profits were $40 a week; and that he was absent from his business five weeks. There was no evidence of the cost of the rent or the amount of capital invested. *Held*, that the evidence related to profits, and not to the value of plaintiff's personal services, and was therefore too speculative and conjectural to form a basis of recovery for loss of earnings.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 15, Damages, § 509.]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Harris Gottheim against the Nassau Electric Railroad Company. From a Municipal Court judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

George D. Yeomans (A. M. Williams, of counsel), for appellant.
Grauer & Rathkopf, for respondent.

MacLEAN, J. The plaintiff in this action to recover for personal injuries testified that he was a tailor, employing three men at the time of the accident, who averaged $15 per week profit, that he had a stock of cloth and materials to make suits of, that he paid rent for his store, and that he gave his own personal attention to the business, cutting, trying on, taking orders, and giving out work and over objection and exception testified that his average profits were $40 each week. He had already testified to the sum of $45 for medicines and medical services, as he testified to an absence of five weeks from business. In the charge to the jury the court, among other things, said:

"If you do find for him, you must not find any less than the sum of $170, the amount that is figured up already; and you can award him damages for pain and suffering for any amount additional, from $1 up to $330."

Exception was taken thereto by the defendant. There being no evidence of the cost of rent or of the amount of capital invested, the evidence of the amount of loss of profits is too speculative and conjectural. The evidence disclosed related to profits, not to the value of the personal services of the plaintiff, and so was improperly received and assumed. The judgment should therefore be reversed.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.